1 WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margarita Leon De Nunez,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-17-1411-PHX-DKD<br><br>**ORDER** |

Plaintiff Margarita Leon De Nunez appeals from the denial of her application for benefits. (Doc. 1) This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c). (Doc. 14) As detailed below, the Court concludes that the ALJ's decision contains harmful errors and the Court will remand for further proceedings.

**Standard of Review**

This court must affirm the ALJ's findings if they are supported by substantial evidence and are free from reversible error. *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). Substantial evidence is more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence supports the ALJ's decision, the court considers the record as a whole, weighing both the evidence that supports and that which

detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1988). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Thus, the Court must affirm the ALJ's decision where the evidence considered in its entirety substantially supports it and the decision is free from reversible error. 42 U.S.C. § 405(g); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). The Court must do more than merely rubber stamp the ALJ's decision. *Winans v. Bowen*, 853 F.2d 643, 645 (9th Cir. 1988). However, where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Magallanes*, 881 F.2d at 750.

### Background

Leon[1] was 40 years old on her alleged disability onset date. She has an 11th grade education and past relevant work as a packager and machine operator. (Tr. 32)

After a hearing where Leon and a vocational expert testified, the ALJ issued an opinion that followed the requisite five step process. The ALJ found that her severe impairment was degenerative disc disease, status post spinal fusion but that its severity did not meet or equal a listed impairment. (Tr. 25-27) The ALJ further found that Leon had the residual functional capacity ("RFC") to perform light work subject to some additional functional limitations. (Tr. 27-32) Based on Leon's past work, RFC, and testimony from the vocational expert, the ALJ concluded that Leon could perform jobs that exist in significant numbers in the national economy and, thus, was not disabled. (Tr. 33-34)

---

[1] Based on the information she provided, the Court concludes that Leon is the most appropriate way to refer to Plaintiff. (Doc. 2 at 1)

**Analysis**

*Background.* Leon's primary care provider, Jason Cheng, M.D., completed a check-box form and the ALJ discounted the form's conclusions because there was "little to no explanation for such limitations." (Tr. 30) Specifically, the ALJ noted that Dr. Cheng described Leon with bilateral limitations even though she had "only alleged limitations in the use of the left arm and hand." (*Id.*) The ALJ also noted that, on the one hand, Dr. Cheng had limited Leon to sitting 10-15 minutes at a time and would need a 15 minute break every 15 minutes but, on the other hand, Leon's medical records had noted "no acute distress" and that she had been able to travel 53 minutes to the hearing and participate in the 45 minute hearing. (*Id.*) The ALJ did not provide any additional details before concluding that, because Dr. Cheng's opinion was "unsupported by the medical record and [Leon's] demonstrated abilities," his assessments were entitled to only "little weight." (Tr. 30)

*Standard of Review.* As the Ninth Circuit recently articulated,

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). When a treating physician's opinion is contradicted, "it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Carmickle v. Comm'r, Social Sec. Admin.,* 533 F.3d 1155, 1164 (9th Cir. 2008) (internal quotation omitted).

*Analysis.* Leon argues that the ALJ's RFC was insufficient because it did not "properly assess [her primary care provider's] opinion under the treating physician rule." (Doc. 19 at 18) The Court agrees.

Leon first argues that the ALJ did not provide a sufficient explanation and that her medical records, viewed as a whole, support Dr. Cheng's limitations. The Court agrees.

1  "In making any determination with respect to whether an individual is under a disability or continues to be under a disability, the Commissioner of Social Security shall consider all evidence available in such individual's case record." 42 U.S.C. § 423(d)(5)(B). The ALJ should have considered these records and the failure to do so constitutes legal error. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (citing 20 C.F.R. § 404.1513(e)(2)).

Finally, Leon argues that the ALJ cannot contradict Dr. Cheng's limitations by relying on observations of her at the hearing without a prior finding of malingering. (Doc. 19 at 19-22) Again, the Court agrees that "the ALJ improperly rejected the opinion of [Leon's] doctor regarding the severity of the impairment based upon his observations of [her] behavior at the hearing." *Coats v. Heckler*, 733 F.2d 1338, 1340 (9th Cir. 1984).

**Conclusion**

As described above, the ALJ did not properly account for the opinion of Leon's treating physician when determining her RFC. Because the Court concludes that the ALJ opinion cannot stand, Leon's other arguments will not be addressed. Although Leon seeks a remand for benefits, the Court concludes that the best course is to remand for further proceedings so that the agency can weigh, in the first instance, the conflicting evidence and Leon's primary care provider's opinion. *Vasquez v. Astrue,* 572 F.3d 586, 596 (9th Cir. 2009).

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is vacated and this matter is remanded to the Commissioner for further proceedings consistent with this Order. The Clerk of the Court shall enter judgment accordingly.

Dated this 8th day of January, 2018.

_____
David K. Duncan
United States Magistrate Judge